ST. PAUL, J.
Plaintiff, claiming to be the wife of Andrew McQuarrin (but overlooking to adduce any proof qf her marriage, although specially denied by defendant), seeks to recover damages for his death, caused by the alleged negligence of the defendant.
The undisputed facts of the case^ gathered either from the petition itself, or (principally) from the evidence adduced by plaintiff, are these:
The deceased was between 70 and 80 years of age, but appeared capable of taking care of himself. On the morning of his death, he meant to board defendant’s train at its western terminus, intending to go east.
As he approached the station from the west, he passed the train (consisting of a locomotive with tender, and one coach, operated by an engineer, a fireman, and a conductor), which was then on a X, situated a few hundred feet to the west of said station, and engaged in turning around so as to head east.
The conductor remained at the station, having then no duties to perform. The fireman left the locomotive in order to throw the switches, as was his duty, and when the train returned to the main line, he boarded it from the rear as it passed the last switch.
Meanwhile, the deceased had gone upon the track, and was then in front of the locomotive. As the train approached from behind he stepped off the track, to the left side and out of sight of the engineer. Then he stepped back upon the track, and was struck down and killed.
The negligence charged to the defendant *798 (as we gather from the petition, and from' the course of the evidence taken; for plaintiff has filed no brief) is: (1) That the engineer sounded no whistle or bell; and (2) that the fireman should have been at his post in the locomotive, where he would have seen the deceased as he stepped back upon the track, and thus the accident might have been avoided.
[1] 1. There was no occasion for the engineer to blow the whistle or ring the bell; when he saw the deceased step aside from the track, he was justified in concluding that having reached a place of safety he would remain there.
[2] 2. The locomotive being then engaged in switching, and the fireman having to throw the switches during that operation, he was in his proper place at the time.
We see no negligence on the part of the defendant.
Decree.
The judgment appealed from is therefore affirmed.
OVERTON, J., recused.